# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4092 | **DATE** | 3/25/2003 |
| **CASE TITLE** | Kuhn vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting as unopposed motions in limine numbers 2, 3, 4, 5, 6, 7, 9 and 12. The remaining motions in limine are granted in part and denied in part.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 6 2003 date docketed | 22 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/25/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | 03 MAR 25 PH 5:19 Date/time received in central Clerk's Office | MPI mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ENNIS M. KUHN, executor of the )
estate of WESLEY O. KUHN, Deceased, )
)
Plaintiff, )
)
v. ) No. 01 C 4092
)
UNITED STATES OF AMERICA, )
)
Defendant. )

**DOCKETED**

**MAR 2 6 2003**

## MEMORANDUM OPINION AND ORDER

Plaintiff Ennis M. Kuhn, executrix of the estate of Wesley O. Kuhn, has filed this action seeking damages for wrongful death and medical malpractice in connection with the death of Mr. Kuhn from gastrointestinal bleeding while in the care of the Hines Veterans Administration Hospital, an institution run by defendant United States of America.

Ms. Kuhn has filed fourteen motions in limine. Motions 2, 3, 4, 5, 6, 7, 9, and 12 are granted as unopposed. The remaining motions are granted and denied as follows.

Motion 1 seeks to bar the introduction of Mr. Kuhn's prior medical records. This motion is DENIED. Mr. Kuhn's cause of death is at the heart of this matter. Information about his medical history is not only relevant, it is essential.

Motion 11 seeks to prevent the United States' expert witness, Dr. Hanauer, from testifying about any of seven different topics on

the grounds that these topics were not addressed in the expert witness reports disclosed to the plaintiff. The purpose of an expert witness report is to avoid surprise at trial and minimize or eliminate the need to depose experts. *Salgado v. GMC*, 150 F.3d 735, 742 (7th Cir. 1998). In order to further that goal, an expert witness report must include both a complete and detailed statement of all opinions to be expressed at trial and "the basis and reasons in support of those opinions" as well as "the data or other information used by the witness in forming the opinions." *Id.* (quoting Robert Matthew Lovein, A Practitioner's Guide: Federal Rule of Civil Procedure 26(a)-Automatic Disclosure, 47 *Syracuse Law Rev.* 225, 255 (1996)). Conclusory statements do not meet this standard. *Id.* Dr. Hanauer's reports are inadequate under this standard. They consist almost entirely of conclusory statements about the adequacy of Mr. Kuhn's care and the likely cause of his demise; they are devoid of reasoning and data.

Rule 37(c)(1) states that if a party without substantial justification fails to disclose information required by Rule 26(a), such information is not admissible, unless the failure to disclose was harmless. The United States offers no justification for its failure to comply with Rule 26. Motion 11 is therefore granted. (Motions 8 and 10 are thus moot.)

Motion 13 seeks to bar Dr. Robert Schlidt, who provided medical care to Mr. Kuhn for several years, from offering an

opinion on the standard of care. Dr. Schlidt is not named as an expert by either party. He may not therefore offer any opinion.

Motion 14 seeks to bar evidence that Ms. Kuhn and her family have collateral sources of income. Ms. Kuhn explains that her claim is based entirely on the loss of her husband's companionship, not on the loss of his income. I agree. Motion 14 is GRANTED.

ENTER ORDER:

**Elaine E. Bucklo**
United States District Judge

Dated: March 25, 2003